CHARLES H. SHEETS ET AL., APPELLEES, V. CITY OF COZAD ET AL., APPELLANTS.

FILED JUNE 29, 1931. No. 27836.

*Ted R. Frogge,* for appellants.

*Frank M. Johnson* and *Cook & Cook, contra.*

Heard before GOSS, C. J., DEAN, GOOD, EBERLY, DAY and PAINE, JJ.

PER CURIAM.

Plaintiffs, residents, taxpayers and owners of real estate situated within street improvement districts attempted to be created within the city of Cozad, brought this action on their own behalf and that of all other taxpayers against the defendants. The purpose of the suit was to enjoin the defendants from proceeding with the work of curbing, guttering, grading, graveling or otherwise improving the streets within certain purported street improvement districts under the authority of ordinance No. 143 and ordinance No. 148 of the city, and from receiving bids therefor under the provisions of a published notice, and from entering into any contract for such improvement or any part thereof.

The defendants severally demurred to the petition on the ground that it did not state facts sufficient to constitute a cause of action. The court overruled the demurrers. Defendants elected to stand on their demurrers and

appealed from judgments thereupon entered against them.

The petition alleges in substance that the defendants had been enjoined on August 4, 1930, by the district court in a previous action, from making these improvements under ordinance No. 143, creating this paving district, until they first complied with the provisions of the law governing the making of such public improvements, and that no appeal or other modification of that decree has been had; that the mayor and council held a meeting on August 7, 1930, and adjourned to meet at 8 p. m. on August 15, and duly entered the adjournment on the minutes; that on August 15, 1930, a large number of signers of the petitions for the improvement had signed withdrawals from such petitions so as to reduce the number of signers far below the 60 per cent. of resident abutting property owners required by the law; that the mayor and city council, being advised of the intent to file such withdrawals at the adjourned meeting on that day, for the sole purpose of preventing the withdrawals from becoming effective, convened at 2 p. m. of that day—an hour not usual or customary; that no emergency existed for such meeting and the public was not advised of it; that at such 2 o'clock meeting said officials approved certain plans, specifications and estimates of cost for the different improvement districts and ordered the clerk to advertise for bids for the construction of the improvements; that the mayor and council convened at 8 p. m. that day and the aforesaid withdrawals of names were filed, so that the petitions did not contain the requisite number to support the improvements; that on August 19, 1930, the mayor and council enacted ordinance No. 148 (which is set out in full), specifying in what manner the cost of the said improvements, created by ordinance No. 143, shall be paid; that said ordinance No. 148 is invalid for the reason that the title is broader than the body thereof, that the body of the ordinance contains no provision ordering said work, that it is ambiguous and contains no provisions as to the man-

ner of paying the cost of the work, and does not specify the kind or character of the improvement intended to be made; that before ordinance No. 148 was enacted the mayor and council, at the special meeting at 2 p. m., advertised for sealed proposals and now, under the purported authority of ordinances 143 and 148, and other proceedings, the mayor and city council purpose to proceed and cause such improvements to be made; that thereby warrants and bonds will be issued, taxes and special assessments will be illegally levied, and ultimately public funds raised by taxation will be illegally expended.

We have heard the oral argument, read the record and examined the briefs. While the petition is long, and probably ncessarily so, and contains some matter that might be otherwise attacked, yet on the sole test as to whether it states a cause of action we are of the opinion that the order of the district court in overruling the demurrer was right. The judgment is therefore

AFFIRMED.